USDC SCAN INDEX SHEET

















MEG   8/27/99   8:39

3:99-CV-01795   PADRE SERRA V. RADIO UNICA CORP

*1*

*CMP.*

1 | **Stephen V. McCue** - State Bar #109586
Attorney at Law
2 | THE AVENTINE - LA JOLLA
8910 University Center Lane
3 | Suite 170
San Diego, California 92122-1029
4 | (619) 455-9210

99 AUG 25 PM 4: 12

5

Attorney for Plaintiff Padre Serra Communications, Inc.

6

7

8

9

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | PADRE SERRA COMMUNICATIONS, INC. )   CASE NO.   99cv 1795
      )
12 |             Plaintiff,         )   COMPLAINT
      )
13 |     v.                        )
      )
14 | RADIO UNICA CORP., a corporation)   TRIAL BY JURY DEMANDED
    and d/b/a UNICA CORP., RADIO)
15 | UNICA COMMUNICATIONS CORP., a)
    corporation and d/b/a UNICA)
16 | CORP., ANDREW GOLDMAN, an)
    individual, JOAQUIN BLAYA, an)
17 | individual, and ADRIANA GRILLET,)
    an individual,               )
18 |                              )
              Defendants.        )
19 | _____)

20

21

22 | **GENERAL ALLEGATIONS**

23

Plaintiff Padre Serra Communications, Inc. alleges as follows:

24

25 | 1. Plaintiff Padre Serra Communications, Inc. is a
26 | corporation incorporated under the laws of the State of California.

27 | 2. Defendant Radio Unica Corp. is a corporation that is
28 | incorporated under the laws of the State of Delaware. Plaintiff is



COMPLAINT                          -1-

1  informed and believes and based thereon alleges that Radio Unica

2  Corp. does business under the name of Unica Corp.

3

4      3.   Defendant Radio Unica Corp. has its principal place of

5  business in the State of Florida.

6

7      4.   Defendant Radio Unica Communications Corp. is a

8  corporation that is incorporated under the laws of the State of

9  Delaware.   Plaintiff is informed and believes and based thereon

10 alleges that Radio Unica Communications Corp. does business as

11 Unica Corp.

12

13     5.   Defendant Radio Unica Communications Corp. has its
   principal place of business in the State of Florida.
14

15

16     6.   Defendant Andrew Goldman is an individual who is a
   citizen of the State of New York.
17

18

19     7.   Defendant Joaquin Blaya is an individual who is a citizen
   of the State of Florida.
20

21

22     8.   Defendant Adriana Grillet is an individual who is a
   citizen of the State of Florida.
23

24

25     9.   The court has jurisdiction over the lawsuit under 28

26 U.S.C. Section 1332.   Venue in this district is proper under 28

27 U.S.C. Section 1391(a).   The matter in controversy exceeds the sum

28 or value of $75,000.00, exclusive of interest and costs.

1       10.  At all times herein mentioned, defendants were the

2   agents, servants, and employees of each other, and in doing or

3   failing to do the things herein alleged, where acting within the

4   scope of the authority and with the consent, authorization, and

5   ratification of each of the other defendants.

6

7       11.  At all times herein mentioned there existed a unity of

8   interest and ownership as affiliates, subsidiaries, or otherwise

9   between those individual and corporate defendants named herein and

10  each of them, such that the separate personalties of said

11  defendants no longer exist, due to the fact that, amongst other

12  things, the corporate entities are and were at all times relevant

13  inadequately capitalized; ownership of stock and other interests in

14  the corporate and business entities are and were held and

15  controlled entirely by certain of the remaining individual

16  defendants; assets of the individual, corporate and business

17  entities named herein are and were at all times relevant

18  commingled; and, the corporate entities and business entities

19  failed to follow corporate and organizational formalities

20  distinguishing each from the other and acted as alleged herein as

21  if they were and are one entity.  Based thereon, all defendants,

22  corporate, individuals, or otherwise, are and were at all times

23  relevant jointly and separately responsible for the plaintiff's

24  damages as set forth herein, and are all referred to herein

25  collectively as "the Unica defendants" and/or "defendants Unica."

26

27      12.  On or about December 1, 1997 at San Diego, San Diego

28  County, California, Plaintiff entered into a written affiliation

COMPLAINT                                                 -3-

1  agreement with Unica Corp. whereby Plaintiff, as owner and operator

2  of Radio Station KJDJ 1030 AM ("the Station"), accepted the first

3  right to broadcast Unica's "program service" in the Station's city

4  of license.   The written affiliation agreement essentially

5  provided, and the Unica defendants represented to plaintiff,

6  amongst other things, 1) that  defendants Unica would provide

7  equipment to the Station necessary to receive the signal broadcast

8  by Unica, 2) that defendants Unica would provide promotional

9  materials to assist plaintiff to promote the program services, and

10  3) that defendants Unica would provide plaintiff with the equipment

11  necessary to generate "affidavits of performance" which memorialize

12  the date and of time of advertising spots which are broadcast

13  during the program service.   Furthermore, the agreement provides,

14  amongst other things, and the Unica defendants represented, that

15  Unica would provide six (6) minutes per hour of program service

16  broadcasting of network commercial announcements to be sold by

17  Unica to national advertisers.

18

19      13.   At all times relevant, Plaintiff was informed by the

20  Unica defendants that if the affiliation agreement proved not to be

21  satisfactory or profitable to Plaintiff, that Plaintiff could

22  terminate the same at will.   Plaintiff is now informed and believes

23  and based thereon alleges that defendants Unica seek to impose a

24  two year term upon plaintiff requiring and/or mandating that

25  Plaintiff broadcast the program service.

26                    FIRST CAUSE OF ACTION

27          (BREACH OF CONTRACT AGAINST ALL DEFENDANTS)

28      14.   Plaintiff realleges and incorporates by reference

COMPLAINT                        -4-

1  paragraphs 1 through 13, inclusive, as though set forth in full

2  herein.

3

4      15.  Defendants  Unica  materially  breached  the  written

5  affiliation agreement by, amongst other things, failing to promote

6  the  program  service,  failing  to  provide  plaintiff  with  the

7  necessary equipment to broadcast the program service, failing to

8  provide the necessary equipment to record and generate on a monthly

9  basis the affidavit of performance forms indicating the dates and

10  times that commercials are aired on the station within the program

11  service broadcasting and failing to provide the six (6) minutes per

12  hour of network commercial announcements of national advertisers.

13  Plaintiff  has  not  received  the  consideration  for  which  it

14  bargained.

15

16      16.  Plaintiff  has  performed  all  of  its  obligations  to

17  defendants under the written agreement aforementioned except those

18  obligations  which  plaintiff  was  prevented  or  excused  from

19  performing.

20

21      17.  As a proximate result of the breach by defendants Unica,

22  plaintiff has suffered and continues to suffer damages in an amount

23  to be determined at time of trial.

24

25      18.  The written contract provides that "that the prevailing

26  party in any action or proceeding shall be entitled to recover from

27  the  losing  party  all  reasonable  attorney's  fees  and  costs,

28  including fees and costs at the appellate level."  Based thereon,

COMPLAINT                                    -5-

1  plaintiff is entitled to recover reasonable attorney's fees and

2  costs against defendants for the prosecution and maintenance of

3  this lawsuit.

4                      SECOND CAUSE OF ACTION

5                   (FRAUD AGAINST ALL DEFENDANTS)

6      19.  Plaintiff  realleges  and  incorporates  by  reference

7  paragraphs 1 through 18, inclusive, as though set forth in full

8  herein.

9

10     20.  At all times mentioned herein defendants Unica defrauded

11  plaintiff by, amongst other things, making the representations

12  above mentioned, knowing that at all times relevant that they were

13  false; and by suppressing material facts concerning the financial

14  inability of Radio Unica to adequately promote the program service,

15  to adequately provide the necessary equipment to broadcast the

16  program service, to generate the affidavit of performance forms,

17  and to fulfill the six (6) minutes per hour of network commercial

18  announcements of national advertisers.

19

20     21.  The misrepresentations of material fact and suppressions

21  of material facts were likely to mislead plaintiff and did in fact

22  mislead plaintiff.  Moreover, the misrepresentation of material

23  fact and suppression of material fact were done with the intent to

24  induce plaintiff to act in reliance thereon and in fact plaintiff

25  did rely thereon by, amongst other things, entering into the

26  written contract and by broadcasting the program service, all to

27  the detriment and damage of Plaintiff.

28

1    22.  If plaintiff had been aware of defendants' intentions to,

2    amongst   other   things,   fraudulently   misrepresent   defendants'

3    financial ability to promote the station, to provide necessary

4    equipment  to  broadcast  the  program  service,  to  generate  the

5    affidavits of performance, and to provide the six minutes per hour

6    of  network commercial announcements of national advertisers, and

7    had plaintiff known that defendants Unica sought to enforce a two

8    year term mandating that Plaintiff broadcast the program service,

9    plaintiff,  amongst  other  things,  would  not  have  executed  the

10   agreement and would not have broadcast the program service at all.

11

12    23.  As  a  proximate  result  of  the  breach  by  the  Unica

13   defendants, plaintiff has suffered and continues to suffer damages

14   in an amount to be determined at trial.

15

16    24.  In  performing  the  acts  herein  alleged,  the  Unica

17   defendants   acted   willfully,   wantonly,   maliciously,   and

18   oppressively, and said actions justify the awarding of exemplary

19   and punitive damages in the amount in excess of $100,000,000.00.

20

21    25.  The written contract provides that "that the prevailing

22   party in any action or proceeding shall be entitled to recover from

23   the  losing  party  all  reasonable  attorney's  fees  and  costs,

24   including fees and costs at the appellate level."  Based thereon,

25   plaintiff is entitled to recover reasonable attorney's fees and

26   costs against defendants for the prosecution and maintenance of

27   this lawsuit.

28

COMPLAINT                                    -7-

## THIRD CAUSE OF ACTION

### (UNFAIR BUSINESS PRACTICES AGAINST ALL DEFENDANTS)

26.   Plaintiff   realleges   and   incorporates   by   reference paragraphs 1 through 25, inclusive, as though set forth in full herein.

27.   Plaintiff is informed and believes based thereon alleges that the fraud and deceit aforementioned practiced by defendants Unica upon Plaintiff is and was also practiced upon other so called "affiliates" throughout the United States.

28.   The   conduct   of   the   Unica   defendants   alleged   above constitutes an "unlawful, unfair, or fraudulent business practice" in violation of business and profession codes Sections 17200 et seq.

29.   The actions of the Unica defendants are unfair because the Unica defendants are publicly and falsely conducting themselves in a manner which represents that plaintiff is an affiliate of the Unica defendants and that plaintiff is part of a national network of affiliates owned and/or controlled by the Unica defendants through which the Unica defendants promote the program service and through which the Unica defendants engage in the broadcasting of a minimum of six minutes per hour of network commercial announcements of national advertisers.   The true facts are that the attempt by the Unica defendants to promote the Station and their other affiliates as a national network of Radio Stations is a fraudulent scheme on the general public because the Unica defendants do not

COMPLAINT                                    -8-

1  have the financial ability or solvency to promote the Station and

2  other affiliate stations, to provide the necessary equipment to

3  broadcast the program service on their affiliate stations, and to

4  provide the necessary equipment to generate the requisite affidavit

5  of performance forms.  Furthermore, the Unica defendants do not

6  have the resources to generate the national advertising of six (6)

7  minutes per hour of program service.

8

9      30.  Potential buyers of stock of the Unica defendants will

10  likely be deceived, as well as the general public will likely be

11  deceived, into believing that the Unica defendants operate a viable

12  and solvent national network of affiliated radio stations, with

13  adequate infrastructure, and with a national program service backed

14  by national advertisers, when in fact, it is not, but rather is an

15  utter and complete sham.  Furthermore, the actions of the Unica

16  defendants are unfair because they are seeking to defraud plaintiff

17  of its right to broadcast in its own discretion its own programming

18  on the Station.   All of the foregoing conduct is unjust and

19  immoral, and, amongst other things, is in violation of Business and

20  Profession Codes section 17200, et seq.

21

22      31.  To the extent that the Unica defendants have received any

23  monetary benefits or seek to receive in the future any monetary

24  benefits through their unlawful and unfair business practices,

25  plaintiff is entitled to an order requiring disgorgement of the

26  value of the benefits wrongfully received by them and requiring the

27  Unica defendants to pay restitution to plaintiff.  Furthermore,

28  because the Unica defendants are continuing to represent falsely to

COMPLAINT                                    -9-

1 │ the public that the so-called network allows national advertisers

2 │ to reach a large portion of the Hispanic population nationwide when

3 │ in fact, Unica defendants do not have the infrastructure, financial

4 │ resources, and the advertisers necessary to make such

5 │ representations true and correct, plaintiff is entitled to an

6 │ injunction pursuant to Section 17203 of the California Business and

7 │ Professions Code, requiring the Unica defendants to, amongst other

8 │ things, cease and desist from representing to the general public

9 │ that the Station is an affiliate station, and to cease and desist

10 │ from representing to the general public that its affiliate network

11 │ allows national advertisers to reach a large portion of the

12 │ Hispanic population when in fact it does not and cannot purport to

13 │ do so in the future.

14 │

15 │     32.  Plaintiff has no adequate remedy at law to address the

16 │ Unica Defendants continuing wrongful conduct.

17 │

18 │

19 │                   FOURTH CAUSE OF ACTION

20 │                      (Civil RICO)

21 │     33.  Plaintiff realleges and incorporates by reference

22 │ paragraphs 1 through 32, inclusive, as though set forth in full

23 │ herein.

24 │

25 │     34.  At all times mentioned herein, defendants Unica, in

26 │ violation of 18 U.S.C. section 1962 et seq., were and are a

27 │ racketeering enterprise engaged in a pattern of racketeering

28 │ activity, designed and conducted to acquire, maintain or operate an

COMPLAINT                           -10-

1  enterprise  engaged  in  interstate  or  foreign  commerce  through  a

2  pattern  of  racketeering  activity,  including  but  not  limited  to  mail

3  and  wire  fraud.

4

5      35.   As  a  result  of  the  activities  aforementioned,  plaintiff

6  has  suffered  damage  in  an  amount  to  be  proven  at  time  of  trial.

7

8      36.   Furthermore,  pursuant  to  18  U.S.C.  sections  1964  et  seq.,

9  plaintiff  is  entitled  to  recover  treble  damages  and  reasonable

10  attorney's  fees  and  costs  for  the  injury  sustained  to  its  business

11  by  reason  of  the  violation  by  the  Unica  defendants  of  section  1962.

12

13      WHEREFORE,  plaintiff  prays  as  follows:

14      1.   As  to  the  First  Causes  of  Action,  1)  for  actual  damage

15  according  to  proof  at  time  of  trial;  and,  2)  for  reasonable

16  attorney's  fees  and  costs.

17      2.   As  to  the  Second  Cause  of  Action,  1)  for  actual  damages

18  according  to  proof  at  time  of  trial;  2)  for  reasonable  attorney's

19  fees  and  costs;  and,  3) for  exemplary  and  punitive  damages  in  an

20  amount  to  be  proved  at  time  of  trial.

21      3.   As  to  the  Third  Cause  of  Action,  for  an  injunction

22  requiring,  amongst  other  things,  the  Unica  Defendants  to  disgorge

23  to  plaintiff  any  gain  which  it  receives  from  its  unfair  business

24  practices,  and  to  cease  and  desist  from  representing  to  the  general

25  public  that  the  Station  is  an  affiliate  Station  and  to  cease  and

26  desist  from  representing  to  the  general  public  and  other  radio

27  stations,  that  it  has  the  financial  ability  and  solvency  to  provide

28  the  infrastructure  supporting  a  national  program  service  and  to

COMPLAINT                                    -11-

1   broadcast network commercial announcements of national advertisers.

2       4.   As to the Fourth Cause of Action, 1) for actual damages

3   in the amount to be proved at time of trial; 2) for treble damages

4   in an amount to be proved at time of trial; and for reasonable

5   attorney's fees and costs.

6       5.   As to all claims for costs of suits, prejudgment, and

7   post-judgment interest to be proved at time of trial.

8

9   DATED:  8/25/99

10                                    Stephen V. McCue,
                                      Attorney for Plaintiff
11                                    Padre Serra Communications,
                                      Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | Defendants: |
|---|---|
| Padre Serra Communications, Inc. | RADIO UNICA CORP., a corporation and d/b/a UNICA CORP., RADIO UNICA COMMUNICATIONS CORP., a corporation and d/b/a UNICA CORP., JOSE CANCELA, an individual, ANDREW GOLDMAN, an individual, JOAQUIN BLAYA, an individual, and ADRIANA GRILLET, an individual. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     San Diego | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT     Florida |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | DEPUTY |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Stephen V. McCue #109586 THE AVENTINE - LA JOLLA 8910 University Center Ln., #170 San Diego, CA 92122-1029 | Janet Dhillon, Esq. Skadden Arps Slate Meagher & Flom LLP 300 S. Grand Ave, Suite 3400 Los Angeles, CA 90071 |

'99 CV 1795 BTM AJB

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☒4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 USC 1332: Complaint for Breach of Contract, Fraud, Unfair Business Practices, Civil RICO

### V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyright | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☒ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Conditions | | | |

### VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE | | Docket Number |
|---|---|---|---|

| DATE   8/3/99 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

# 052228    $150